U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT
BURLINGTON DIVISION**

2018 MAY 10  PM 12: 11

CLERK

BY 

DEPUTY CLERK

ELIZABETH HOTCHKISS,
on behalf of herself and all others similarly situated,

        Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

        Defendant.

CASE NO.  5:18·cv·83

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

Plaintiff Elizabeth Hotchkiss, on behalf of herself and all others similarly situated, files this Class Action Complaint against Experian Information Solutions, Inc. ("Experian" or "Defendant"). Plaintiff alleges, based on personal knowledge as to Experian's actions and upon information and belief as to all other matters, as follows:

## I.    PRELIMINARY STATEMENT

1.    This is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA") against Experian, a national consumer reporting agency. In violation of the FCRA, Experian prepares and furnishes consumer reports that include tax liens that, despite being listed in Vermont public records as having been paid, satisfied, or released, are reported by Experian as unpaid, unsatisfied, or outstanding.

## II.    JURISDICTION AND VENUE

2.    The Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### III.    PARTIES

4.    Plaintiff Elizabeth Hotchkiss is an adult individual residing in Essex, Vermont and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5.    Defendant Experian is a "person" and "consumer reporting agency" as defined by 15 U.S.C. § 1681a(b) and 15 U.S.C. § 1681a(f), respectively. Experian is authorized to do business in the State of Vermont, has substantial contacts in this District, and is headquartered at 475 Anton Boulevard, Costa Mesa, CA 92626.

### IV.    FACTUAL ALLEGATIONS

6.    Experian is one of the "big three" credit reporting agencies (singular "CRA") in the United States.

7.    Experian sells consumer reports (commonly called "credit reports") about millions of consumers annually, including consumers in Vermont.

8.    Experian is regulated by the FCRA.

9.    Upon information and belief, for several years Experian has obtained its information about Vermont bankruptcies, tax liens, and civil liens ("public records" information) from a single private vendor.

10.    Experian has not retrieved actual public records from courthouses or government offices for many years.

11.    Moreover, Experian does not purchase the actual court or taxing authority records from its public records information vendor. Rather, it purchases a condensed, summary version of those records, which does not include all the information or most up-to-date information available at the actual courthouses or government offices where the actual records are housed.

12.    Experian has known since as early as 2013 that its public records vendor makes

2

mistakes in the condensed, summary public records information that it purchases for credit reporting purposes.

13.    Experian has known since as early as 2013 that the condensed, summary public records information it purchases for credit reporting purposes routinely does not include the most up-to-date status of the actual records themselves.

14.    Experian thus routinely fails to report accurate information about Vermont tax liens, including the most up-to-date status of those liens.

15.    Experian's practices and procedures regarding the reporting of tax lien information, specifically its failure to report the most up-to-date status of paid or satisfied tax liens, causes widespread harm to Vermont consumers.

16.    Experian also routinely fails to remove Vermont liens from consumers' reports when those liens have become nullities.

17.    With respect to Ms. Hotchkiss, on or about December 12, 2011, a Notice of Federal Tax Lien (IRS Form 668(Y)(c)) was recorded in the office of the Essex, Vermont Town Clerk in the total amount of $24,972.41.

18.    On or about March 6, 2017, a Certificate of Release of Federal Tax Lien (IRS Form 668(Z)) was recorded in the office of the Essex, Vermont Town Clerk, indicating that Ms. Hotchkiss had satisfied and was released from her obligations noted on the 2011 Notice of Federal Tax Lien.

19.    After the tax lien was satisfied and the public record reflected that fact, Experian nevertheless continued to report the lien as unsatisfied to Ms. Hotchkiss's existing or potential creditors including the Vermont Student Assistance Corporation, which used Experian's report to evaluate Ms. Hotchkiss's creditworthiness on or about July 5, 2017.

20.     On or about October 17, 2017, Ms. Hotchkiss reviewed her personal credit report from Experian. The Experian credit report contained inaccurate information, including but not limited to, reporting that Ms. Hotchkiss allegedly had an outstanding tax lien against her in the amount of $24,972.00.

21.     The tax lien information that Experian included on Ms. Hotchkiss's report was inaccurate because Ms. Hotchkiss had satisfied her tax obligation and the IRS had filed a Certificate of Release of Federal Tax Lien in the public record months earlier.

22.     Despite the public availability of the notice of the tax lien release, and pursuant to its usual and systematic practice, Experian did not update its records regarding Ms. Hotchkiss to show that the tax lien had been paid and satisfied.

23.     The FCRA provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

24.     At all times pertinent hereto, Experian's conduct was a result of its deliberate policies and practices, was willful, was intentionally accomplished through intended procedures, and was carried out in reckless disregard for a consumer's rights as set forth in § 1681e(b) of the FCRA. Upon information and belief, Experian's collecting and reporting the initial notice of tax lien is believed to be of greater economic value than collecting and reporting information indicating that a tax lien had been released or satisfied.

25.     The reporting of Ms. Hotchkiss's tax lien by Experian was inaccurate and occurred because Experian failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of Ms. Hotchkiss's consumer report. Specifically, Experian does not follow the same automated and systematically rigorous processes to obtain all satisfactions and releases of

tax liens that it follows to obtain the original tax lien information.

26.     Indeed, Experian follows no procedure which assures that, every time a tax lien in Vermont is paid or satisfied, the updated status is promptly obtained and reflected upon the consumer's credit report, or that the judgment is removed from that consumer's credit file as may be appropriate.

27.     Instead, Experian continues to report the tax lien balance that it originally purchased from its vendor.

28.     In Plaintiff's case, Experian did not request, receive, or report any updated information as to the status of Ms. Hotchkiss's tax lien in 2017, despite the fact that she had paid it in full and the public record reported it released as of March 6, 2017.

29.     At all times pertinent hereto, Experian was acting by and through its agents, servants and or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Experian herein.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

31.     Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following class:

> All natural persons who: (i) had a tax lien recorded in the State of Vermont, (ii) the tax lien appeared on a consumer report prepared by Experian and delivered to a third party within the five years prior to the filing of this Complaint, and (iii) the State of Vermont public record indicated that the tax lien had been satisfied or released on a date prior to the date of the Experian consumer report.

32.     Plaintiff reserves the right to amend the definition of the class based on discovery or legal developments.

33.     **Numerosity. FED. R. CIV. P. 23(a)(1).** The class members are so numerous that

joinder of all is impractical. Upon information and belief, Experian sells hundreds if not thousands of consumer reports each year, and those persons' names and addresses are identifiable through documents maintained by Experian.

34.    **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the class and predominate over the questions affecting only individual members. The common legal and factual questions include, among others, whether Experian willfully violated the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy of the Vermont tax lien information it reported.

35.    **Typicality. FED. R. CIV. P. 23(a)(4).** Plaintiff's claims are typical of the claims of each class member. Plaintiff has the same claims for statutory and punitive damages as class members, arising out of Experian's common course of conduct.

36.    **Adequacy. FED. R. CIV. P. 23(a)(3).** Plaintiff is an adequate representative of the class. Her interests are aligned with, and are not antagonistic to, the interests of the members of the class she seeks to represent. She has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of members of the class.

37.    **Predominance and Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the class members predominate over questions affecting only individual members and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each class member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Experian's conduct. It would be virtually impossible for all of the

individual members of the class to effectively seek redress of the wrongs done to them. Even if the members of the class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory liens and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Experian's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## V.    CLAIM FOR RELIEF

38.    Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

39.    The above-mentioned reports are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

40.    Experian failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the tax lien information in the consumer reports it prepared regarding Plaintiff and the class members.

41.    Pursuant to 15 U.S.C. §§ 1681n and o, Experian is liable to Plaintiff and all class members for its failure to comply with FCRA § 1681e(b), in an amount equal to the sum of (1) damages of not less than $100 and not more than $1,000 per violation; (2) actual damages; (3) punitive damages in an amount to be determined by the jury; (4) attorney's fees; and (5) litigation costs, as well as such further relief as may be permitted by law.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for relief as follows:

A.    An order certifying the case as a class action on behalf of the proposed Class under

Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record

to represent same;

B.    An award of actual, statutory and punitive damages for Plaintiff and the Class;

C.    An award of pre-judgment and post-judgment interest as provided by law;

D.    An award of attorneys' fees and costs; and

E.    Such other relief as the Court deems just and proper.

DATED: May 10, 2018

By:

Respectfully submitted,

Joshua L. Simonds
**THE BURLINGTON LAW PRACTICE**
2 Church Street, Suite 2-G
Burlington, Vermont 05401
Telephone: (802) 651-5370
Facsimile: (802) 651-5374
jls@burlingtonlawpractice.com

**FRANCIS & MAILMAN, P.C.**

James A. Francis*
John Soumilas*
Land Title Building, Suite 1902
100 South Broad Street
Philadelphia, PA 19110
T: 215.735.8600
F: 214.940.8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com

*Attorneys for Plaintiff*

---

\*      Motion to appear *pro hac vice* forthcoming.